IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY WILLIS,** | |
| Plaintiff, | |
| v. | CA No. |
| **HOUSTON METHODIST WILLOWBROOK HOSPITAL,** | JURY DEMANDED |
| Defendant | |

PLAINTIFF'S ORIGINAL COMPLAINT

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the retaliation and common law claims suffered by Plaintiff, KIMBERLY WILLIS, due to HOUSTON METHODIST WILLOWBROOK HOSPITAL (hereinafter "Defendant" or "METHODIST WILLOWBROOK") taking adverse employment actions against her.

1.2 Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory, actual, liquidated and punitive damages; and costs and attorney's fees for the Family Medical Leave interference and retaliation suffered by Plaintiff due to Defendant's actions.

1.3 This action arises under the Family Medical Leave Act.

2. JURISDICTION

2.1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and the Family Medical Leave Act, and 28 U.S.C. § 1331.

2.2. Jurisdiction is appropriate under the Family Medical Leave Act.

2.3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202 and the Family Medical Leave Act.

2.4. Actual damages are sought pursuant to the Family Medical Leave.

2.5. Liquidated and injunctive relief is sought pursuant to the Family Medical Leave Act.

2.6. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP, Family Medical Leave Act.

2.7. Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and 42 U.S.C. § 198la(a)(2)(b)(1) and the Family Medical Leave Act.

2.8. Punitive damages may be awarded pursuant to 42 U.S.C. § 1981a(a)(1) and 42 U.S.C. § 1981a(a)(2)(b)(1) and the Family Medical Leave Act.

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## 4. PARTIES

4.1. Plaintiff is a former employee of Defendant and resides in Spring, Harris County, Texas.

4.2. Defendant Houston Methodist Willowbrook Hospital is an employer qualified to do business in Texas and employs more than 500 regular employees. Defendant can be served by serving its registered agent, CT CORPORATION SYSTEM 1999 Bryan St. Ste 900 Dallas, Texas 75201-3136. Summons is requested at this time.

## 5. STATEMENT OF THE CLAIMS

5.1. FACTS

5.2. Plaintiff, Kimberly Willis, was employed by Defendant Houston Methodist at its Willowbrook Hospital location in Emergency Room registration.

5.3. Plaintiff was excellent at her job, excelling in collections. Plaintiff was consistently the highest collector in her group; many, if not most, of my co-workers are not able to collect a third of the amount they were required to collect ($12,000.00 per month).

5.4.   One month prior to her termination, Defendant had just given Plaintiff a very good evaluation and a raise in pay.

5.5.   Plaintiff worked well with staff, met monthly quotas and had no negative job performance issues.

5.6.   Unfortunately for Plaintiff, she suffers from high blood pressure.

5.7.   On November 29, 2017, Ms. Willis informed her supervisor and coordinator that she had a severe headache and that she needed to go home for the day. Plaintiff informed her supervisor that she would be back at work the next day.

5.8.   As she left to go home ill, Plaintiff also stopped at human resources and spoke with Dane Bland and let her know she suffered from high blood pressure and that she was going home. Dane gave Plaintiff Family Medical Leave forms to take with her in case she needed them.

5.9.   Once Plaintiff was home she checked her blood pressure which was high, took medication and went to sleep. Much to her surprise, three hours later her telephone rang and it was the new department director and supervisor, Michelle on speaker phone. The new director informed Plaintiff that before she takes medical leave and any other issues arise she was terminated, effective immediately. The director had spoken to Julie Fitzgerald in human resources and learned that Plaintiff was given Family Medical Leave forms and immediately thereafter fired Plaintiff. Needless to say, Plaintiff was shocked at such an action, particularly during the holidays.

5.10.  At the time of her wrongful and retaliatory termination, Plaintiff had over 90 PTO hours available to her.

5.11.  Unfortunately for Defendant, it did not have a legitimate business reason for taking its actions. [1]

---

[1] It is important to note that any attempt Defendant takes to deflect with a communication record is just that, a deflection. In mid November 2017, Defendant gave Plaintiff a Communication Record. Communication records are not discipline. Defendant failed to discipline, write up, or give Plaintiff a DCR according to termination policy.

5.12. <u>Family Medical Leave Act Retaliation and Interference -</u> Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity. Defendant illegally and wrongfully interfered with Plaintiff's attempt to receive Family Medical Leave. The above-described actions of Defendant were so outrageous in character and so extreme in degree that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community.

5.13. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, humiliation and embarrassment among co-workers, customers and others sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 6. PRAYER

6.1. WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

  6.1.1. Declare Defendant's conduct in violation of Plaintiff's rights;

  6.1.2. Enjoin the Defendant from engaging in such conduct;

  6.1.3. Award Plaintiff actual damages;

  6.1.4. Order Defendant to pay Plaintiff back pay and front pay and benefits;

  6.1.5. Award Plaintiff compensatory damages for mental anguish;

  6.1.6. Award Plaintiff punitive damages to be determined by the trier of fact;

  6.1.7. Grant Plaintiff pre-judgment and post-judgment interest;

  6.1.8. Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

  6.1.9. Order and grant such other relief as is proper and just.

---

Additionally, some staff members were on a DCR or final DCR, had more missed days than Plaintiff and continued to miss days; Defendant failed to fire them.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG | SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
ellen@rosenberglaw.com
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH

ATTORNEYS FOR PLAINTIFF